**Danny Ray RICE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**Case No. F–80–584.**

Court of Criminal Appeals of Oklahoma.

June 28, 1983.

Max Cook, Lawton, for appellant.

C. Allen McCall, Asst. Dist. Atty., for appellee.

## OPINION

CORNISH, Judge:

The appellant, Danny Ray Rice, was convicted of Child Abuse for violation of 21 O.S.1971, § 843, in the District Court of Comanche County, and punishment was assessed at ten (10) years' imprisonment.

At approximately 8:30 p.m. in the evening of September 19, 1979, appellant's wife discovered vaginal bleeding by her two year old daughter when changing the child's diapers. She and her husband immediately

took the child to the emergency room of Reynolds Army Hospital. The child was examined by a pediatrician and an obstetrics-gynocology specialist who later testified at the trial of the girl's step-father, appellant, on the charge of Child Abuse.

The doctors each testified that their examinations of the child revealed lacerations in the vaginal region and a one or two inch band of bruising forming at the rectum. The child refused to sit erect due to the trauma. A few other minor bruises and lacerations were located on her back and face. The doctors examined her between the hours of 9:00 p.m. and 11:00 p.m. in the evening of September 19, 1979. The doctors testified that her injuries were consistent with a circular blunt object striking the rectum with force, attempting expansion of the rectum. Each expert testified that the injuries were not consistent with accidental injury, especially since the child was reported by her parents to have been dressed in two diapers. The doctors each testified that the injuries in all likelihood were intentionally inflicted by an adult and were consistent with Child Abuse Syndrome as the parents were unable to offer any explanation as to how she received the injuries. The doctors could not give an exact time of injury, but estimated its occurrence between four and twenty-four hours of their examinations. One doctor stated that the rate of bruising is very difficult to predict and the injuries could have occurred within a few hours depending on the force used to inflict them.

Both appellant and his wife testified at trial and each stated that he arrived home on September 19, 1979 at 5:30 p.m. The mother was called by the State and testified that she had been alone, except for the presence of her husband, with this child and her other infant child throughout September 18 and 19, 1979. Both children were constantly under the exclusive supervision of their mother and the appellant throughout this time. On the evening of September 19, 1979, her husband alone supervised the girls for several periods of time estimated to be about 5–10 minutes each. The mother was not alone with the children at any time during the evening of September 19 once her husband arrived home. She also testified that she changed the victim's diaper at approximately 6:00 p.m. and at that time did not notice any bleeding or bruising. The doctors each testified that the injuries could have been inflicted within a matter of minutes.

Appellant's testimony paralleled the statements of his wife and neither offered any explanation of how the child was injured except to offer a list of thirty-three toys the child could have hurt herself with.

■ Appellant first assigns error to the trial court's refusal to sustain his demurrer at the close of the State's case. The State relied solely upon circumstantial evidence to prove the crime charged, and the appellant correctly points out that a conviction upon circumstantial evidence cannot be sustained unless the proof presented excludes every reasonable hypothesis except that of guilt. *Roth v. State*, 532 P.2d 1397 (Okl.Cr.1975). We held in *Tharps v. State*, 555 P.2d 1054, 1058 (Okl.Cr.1976) that:

> where there is any competent evidence in the record which constitutes a chain of circumstances which reasonably support the allegations in the indictment the trial court should not sustain a demurrer to the evidence. (Citations omitted.)

■ Appellant asserts that the child could have been injured while playing with her toys. The doctors' testimony agreed that the injuries were consistent with the Child Abuse Syndrome and that the circular pattern of bruising around the rectum was not consistent with accidental injury caused by a child's toy. Further, appellant's wife testified that appellant had been alone with the child on several occasions. These occasions provided sufficient time in which the injuries could have been inflicted. There is competent evidence which constitutes a chain of circumstances which reasonably supports the allegations of the indictment. The trial court did not commit error in overruling appellant's demurrer.

■ Appellant next contends that the jury verdict was not sustained by the evidence. We have stated on numerous occasions that it is not the function of this Court to again weigh the evidence. In *Jones v. State,* 468 P.2d 805, 807 (Okl.Cr. 1970), we stated:

Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, . . . since it is the exclusive province of the jury to weigh the evidence and determine the facts. (Citation omitted.)

See, *Neal v. State,* 529 P.2d 526 (Okl.Cr. 1974). Therefore, appellant's second proposition of error is without merit.

■ Appellant next contends that the court committed error and the jury was guilty of misconduct after the submission of the case and during the deliberation period. In connection with this assignment of error, the record discloses that after the jury had deliberated a short time, they returned to the court room with the following verdict:

THE COURT: Verdict is 'We, the jury, empaneled and sworn . . . do upon our oaths, find the defendant, Danny Ray Rice, guilty of Child Abuse, and fix his punishment at imprisonment in the state penitentiary not exceeding ten years.' Is this the verdict of you?

FOREMAN: Yes sir. It is.

THE COURT: Mm Hmm. This as I read this, I don't—I don't see that it's for a definite term of years. What was the jury's intention? Was it to impose sentence of ten (10) years or just the—

FOREMAN: No, your Honor. What we thought at that time, we—the group come up with the amount not to exceed ten (10) years. We left that up to you, how long you wanted to imprison him.

THE COURT: Well, I think the jury should make a recommendation as to a specific number or amount of confinement. This is within the maximum as the instructions show you, not to exceed 10 years. But the jury should—if they find him guilty and wish to fix punish-

ment, set it at a definite amount. So I will ask you to go back and reconsider.

FOREMAN: Yes, your Honor.

THE COURT: OK. Any objections?

JUROR (Unidentified): Can we have someone to explain some things about sentences before we go back in there and decide how many years this man is supposed to get? If he goes in for 10 does he spend the 10 years or does he get out in eight months or 6 months or 2 years?

THE COURT: No, that I cannot instruct you on.

FOREMAN: OK.

The appellant contends that the court should have further instructed the jury in that the unidentified juror's question could not be answered because they were not to consider such things.

In *Beets v. State,* 449 P.2d 903 (Okl.Cr. 1969), we held that the better procedure for a judge in this predicament is to tell the jury that he has given them all the instructions and that he could not answer their questions. From our reading of the record, it appears that the trial judge reasonably followed this procedure. Therefore, appellant's proposition is without merit.·

Appellant's last assignment of error is that the trial court abused its discretion in overruling his motion for a new trial. In *Ward v. State,* 444 P.2d 255 (Okl.Cr.1968), we held that a motion for new trial is addressed to the sound discretion of the trial court and so long as that discretion is not abused, the trial court's decision will not be overturned by this Court.

■ Appellant's motion for new trial was based on several claims but only one merits further attention here. He argues that the trial judge's refusal to consider the fact that he and his wife voluntarily submitted to a polygraph test was an abuse of discretion.

This Court has repeatedly condemned the use of polygraph tests as evidence. See, *Fulton v. State,* 541 P.2d 871 (Okl.Cr.1975). In *State v. Cook,* 574 P.2d 1073 (Okl.Cr. 1978), we held that the introduction into evidence of polygraph examinations for any

purpose, even if admitted upon stipulation of the parties, will be error.

In the case at bar, the test results were not offered into evidence at trial, but rather were presented to the judge at the hearing for a new trial. Apparently, the judge felt that these test results were insufficient grounds for granting the new trial. Therefore he refused to consider them. In this instance, we cannot say that he abused his discretion. Therefore, appellant's motion for a new trial was properly overruled.

The judgment and sentence is AFFIRMED.

BRETT, J., concurs.

BUSSEY, P.J., concurs in results.