**Robert Mark KELLEY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-85-586.**

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1988.

Rehearing Denied Jan. 28, 1988.

Johnie O'Neal, Asst. Public Defender, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, William S. Newberry, Jr., Legal Intern, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Robert Mark Kelley, a/k/a, Mark Wesley Kelley, was tried and convicted in the District Court of Tulsa

County for the crimes of Robbery with Firearms, After Former Conviction of Two or More Felonies (Count I); Shooting With Intent to Kill, After Former Conviction of Two or More Felonies (Count III); and Escape from Lawful Custody, After Former Conviction of Two or More Felonies (Count IV) in Case No. CRF–84–3918 and was sentenced to 150 years imprisonment on Count I, 500 years on Count III and 50 years on Count IV, said sentences to be served consecutively, and he appeals.

■ For his first assignment of error appellant asserts that the trial court erred in failing to instruct the jury on the range of punishment for a first offender. This Court has repeatedly held that when the defendant confesses of the prior convictions, or defense counsel stipulates, there is no factual question for the jury of whether a defendant is guilty of the primary offense or the offense charged after former convictions. *Hanson v. State*, 716 P.2d 688, 690 (Okl.Cr.1986). The only punishment allowable is imprisonment of twenty years or more, pursuant to 21 O.S. 1981, § 51(B), and the jury should be instructed accordingly. *Williams v. State*, 720 P.2d 341 (Okl.Cr.1986). Therefore, we find that the trial court properly instructed the jury. This assignment of error is meritless.

■ Appellant next contends that there is insufficient evidence to sustain his convictions for Shooting With Intent to Kill and Escape. When the sufficiency of the evidence is challenged on appeal, the relevant question is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985).

In the instant case, the facts reveal that on October 10, 1984, David Teufel placed a "for sale" sign in the window of his 1975 Ford Elite. That same day appellant inquired about the car, then returned the next day to purchase it. After Teufel and appellant agreed on a price, Teufel asked appellant about the money. Appellant claimed that the money was at his house and suggested that they drive to his house

to complete the transaction. The appellant insisted upon driving, and as they traveled through South Tulsa, Teufel became suspicious when appellant began to slow down near the edge of town. Subsequently, appellant turned down an empty street, got out of the car and told Teufel that he thought he had seen his gold ring which he had lost earlier. At that point, Teufel attempted to drive the car away, but appellant stuck a gun through the window and said "get your ass out of the car or I am going to blow you away." Teufel cooperated with appellant, and after appellant threatened Teufel again and stole his wallet, appellant sped away in Teufel's car. Teufel fled to a house and called the police. When the police dispatcher gave the description of the stolen car over the radio, Officer Willard, a Tulsa police officer, observed a white Ford Elite which fit the description. Officer Willard pursued the car, and appellant attempted to elude the officer, but as he tried to turn a corner, he rammed into two cars that were waiting at an intersection. Officer Willard stopped his patrol car behind the car appellant had stolen, got out of his car, drew his weapon, and commanded appellant to raise his hands where they could be seen. After appellant refused to cooperate, Willard realized that appellant might have a gun. As Officer Willard retreated to his patrol car, he was shot once in his arm and was then shot three more times. Officer Willard returned fire, but appellant escaped in the stolen car.

Subsequently, when appellant was apprehended, he was transported to the police station, and while at the police station appellant briefly escaped from the officer who transported him to jail.

At trial, appellant admitted that he had been previously convicted of unauthorized use of a motor vehicle, and two robberies. He further admitted that he robbed David Teufel. However, he claimed that after he crashed into the stopped cars, he raised his hands at the officer's command, but that he heard the officer cock his gun and thought that he was going to shoot him. Appellant testified that his hand fell on his gun when

he bent down and that he automatically grabbed the gun and fired it five times. However, appellant stated that he did not aim at anything or intend to hurt anyone.

After reviewing the evidence in the light most favorable to the State, we find that the facts of this case clearly support the jury's verdict. This assignment of error is wholly without merit.

█ In his final assignment of error appellant alleges that improper questions and comments by the prosecutor caused the jury to assess excessive punishment. Particularly, he argues that during the direct examination of Officer Willard concerning the extent of his injuries the prosecutor sought to evoke sympathy for the wounded officer, and that the prosecutor erred in his cross-examination of appellant concerning his prior convictions. We first observe that all of the alleged improper questions and comments were preserved for review by a timely objection. We also note that two of appellant's objections were sustained, and the jury was admonished to disregard the remarks; therefore, the error, if any, was cured. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973). We have reviewed the remainder of the comments and questions and find that, in light of the overwhelming evidence of guilt, the serious nature of the crimes, and the fact that appellant has three prior felony convictions, none of the comments at trial caused the jury to decide the case based on emotions or assess excessive punishment. This assignment is groundless.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Certain questions and comments made by the prosecutor in this case were clearly improper. The prosecutor sought to evoke sympathy for the victim by asking questions about the victim's extensive and painful rehabilitation efforts and attempted to inflame the passions of the jury through questions and argument which implied that the appellant would commit subsequent crimes if he was not given a lengthy incarceration. However, I agree with the majority's determination that considering the evidence of guilt, the serious nature of the crimes, and the appellant's criminal background, it is impossible to say that the prosecutor's comments were so prejudicial that they influenced the jury's verdict.