**Robert Joseph McINTOSH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–89–198.**

Court of Criminal Appeals of Oklahoma.

April 16, 1991.

Lee Ann Jones Peters, Chief of Appellate Div. (Vicki Ruth Adams Werneke, of counsel), Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Robert Joseph McIntosh, appellant, was convicted of Child Beating (21 O.S.Supp. 1982, § 843) in Oklahoma County District Court Case No. CRF–88–1657. He received a sentence of seventy-two (72) years imprisonment in accordance with the jury's recommendation. Appellant was tried jointly with Judy Carey, the mother of two (2) year old Phillip Carey. Each defendant was charged with child beating, or in the alternative, allowing child beating.

After an anonymous source reported the suspected abuse of young Phillip to child welfare authorities on March 21, 1988, Phillip was taken to Childrens Memorial Hospital by the Midwest City Police where he

was treated for several days. He reportedly had numerous bruises from head to foot, a large burn on his shoulder, a large bump on his forehead, large gouges in the tissue behind each ear and some smaller burns and scratches. A great deal of hair was missing from the top of his head, he was experiencing pain and unable to stand up straight, and he had been vomiting for several days while at home. He was pale, gaunt, and had lost several pounds since being treated for a broken leg six months earlier at the same hospital. His suffering did not appear to have been the result of infection, but rather the attending physicians diagnosed him as having been abused in an extensive, painful, and traumatic way.

Diana Coleman, a social worker with the Department of Human Services, testified that she tried to talk with Phillip about his injuries on the day he was taken to the hospital and he would not talk to anyone. The next day she again tried to communicate with him. In response to her questions as to who had caused certain of his injuries he said, "Bobby did it."

Appellant lived with Judy and Phillip Carey. He was known as Bobby or Bobby Joe. He also was unemployed and baby sat Phillip while Judy worked. Appellant testified at trial on his own behalf and stated that Phillip received his injuries while in his care, but that the injuries all resulted from accidents Phillip occasioned. He said Phillip was clumsy and very accident prone.

Appellant objected at trial to Ms. Coleman being allowed to testify to Phillip's statement that "Bobby did it." As his first assignment of error, appellant claims that he was denied his Sixth Amendment right to confront the witness against him.

█ Before hearsay statements may be admitted at the trial of one accused of a crime, the Sixth Amendment requires that the prosecution either produce the declarant or demonstrate the unavailability of the declarant as a witness and also demonstrate that the statement in question bears adequate indicia of reliability. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). "Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." *Idaho v. Wright*, ── U.S. ──, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638 (1990), citing *Roberts*, supra. Hearsay statements which do not fall within an established hearsay exception are presumptively unreliable.

█ *Wright* also involved abuse of a two year old child. The victim made certain incriminating statements in response to suggestive questions posed by a pediatrician who examined her. She had additionally made some spontaneous remarks concerning abuse that occurred to her sister. The United States Supreme Court, after noting that the trial court had found the child was unavailable as a witness, found that there was no special reason to believe that the child's statements concerning her own abuse were particularly trustworthy, although noting her statements about her sister's abuse might have been sufficiently reliable. Therefore, their admission at trial violated the defendant's right to confront the witness. *Id.*, ── U.S. at ──, 110 S.Ct. at 3152.

According to *Wright*, reliability of statements sought to be introduced which do not fall within a well-established exception to the hearsay rule, must be shown from all of the circumstances to possess particularized guarantees of trustworthiness. The trustworthiness should be comparable to that found in established hearsay exceptions; that is, such that adversarial testing would add little to its reliability. *Id.*, ── U.S. at ──, 110 S.Ct. at 3149.

The statements of Phillip which tended to incriminate appellant were made after repeated attempts by the social worker to talk to him about his injuries. However, no record was made in this case of the availability of Phillip as a witness and of all the circumstances surrounding the making of his statements. Therefore, it is impossible to review their reliability from the record.

In *Wright*, the Supreme Court discredited the idea that particular procedural safeguards must accompany the professional interview of a child. There is no one aspect of the making of a statement that insures reliability. Reliability must be judged from all of the circumstances surrounding the making of the statement, and these circumstances must indicate the declarant is particularly worthy of belief.[1] Therefore, the trial court must make determinations of the witnesses unavailability and of adequate indicia of reliability before admission into evidence of hearsay statements. In the absence of such findings, Phillip's statements should not have been admitted at trial.

◼ The fact that a violation of a defendant's Sixth Amendment right to confrontation occurs during trial does not automatically dictate reversal of his or her conviction. *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). Admission of the evidence may be harmless and the prejudicial effect of the inadmissible evidence is to be assessed in the context of the entire case against the defendant. *Lee v. Illinois*, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986).

◼ Apart from the admission of Phillip's out-of-court statements, we find that there was sufficient independent evidence of appellant's guilt to render the hearsay harmless beyond a reasonable doubt. *Id.* The fact that Phillip's injuries occurred when appellant was taking care of him was established by both appellant's and Judy Carey's testimony at trial. Sherry DeWitt was a neighbor of the defendants and had visited in their apartment on each of the two days prior to the day Phillip was taken to the hospital. DeWitt testified that appellant was caring for Phillip each day and told her that Phillip got hurt accidentally in the bathroom. She noticed that Phillip was

vomiting and suggested that he might have a brain concussion and should have medical treatment. Appellant did not think Phillip needed to go to the hospital and said he would discuss it with Phillip's mother. Eventually, DeWitt reported the incident to the apartment complex manager who called the Midwest City police.

The doctors' testimony contradicted appellant's that Phillip's injuries were the result of accidents. Each doctor who treated Phillip testified his injuries were inconsistent with accidental injuries and believed he had been abused extensively. Thus, the evidence apart from Phillip's out-of-court statements was sufficient to exclude every reasonable hypothesis other than appellant's guilt of child beating. We have found similar circumstances involving abuse of a child who is in the exclusive custody of a defendant to sufficiently support a conviction of child beating. *Raymond v. State*, 717 P.2d 1147 (Okl.Cr.1986); *Rice v. State*, 666 P.2d 233 (Okl.Cr.1983).

◼ Appellant complains also that the trial court erred in overruling his motion in limine which would have prevented the State from inquiring of him during cross-examination about his five prior felony convictions. Only one of the convictions had occurred during the previous ten years, and it was for child abuse. There were three convictions for burglary and one for assault and battery with a dangerous weapon. The trial judge ruled that the convictions could not be used for impeachment of appellant's testimony but that the fact that he had prior felony convictions was admissible. Appellant was charged with having previously been convicted of two or more prior felonies.

During direct examination, appellant made the strategical move of admitting that he had prior felony convictions. The trial court then ruled that the State could

---

**1.** The Supreme Court recognized in *Wright* that spontaneity alone would not insure reliability, especially if the supposedly spontaneous statement followed leading and suggestive questioning. Conversely, the fact that a child's statement was made in response to leading questions would not assuredly destroy its reliability. ⸺ U.S. at ⸺, 110 S.Ct. at 3148. The Court

looked to state court decisions for examples of factors indicating reliability of a child's statement: spontaneity and consistent repetition; mental state of the declarant; use of terminology unexpected of a child of similar age; and, lack of motive to fabricate. ⸺ U.S. at ⸺, 110 S.Ct. at 3150.

not admit Judgments and Sentences to prove the prior felony convictions or otherwise introduce details of those crimes.

Since appellant was properly charged under enhancement statutes with having two or more prior felony convictions, 21 O.S. Supp.1985, § 51 and 21 O.S.1981, § 51A, the State could have introduced evidence of the convictions had appellant not admitted to the convictions. *See Kelley v. State*, 748 P.2d 43 (Okl.Cr.1988). The trial court did not err in holding that the fact that appellant had prior convictions was admissible. Indeed, the judge tried to minimize possible prejudice to appellant by limiting evidence to only the fact that appellant had them, and not allowing evidence that one conviction was for child abuse. *See Robinson v. State*, 743 P.2d 1088 (Okl.Cr.1987). This assignment is without merit.

Appellant's final assignment of error is that the trial court should have granted his motion for continuance of trial. The counsel representing appellant originally was allowed to withdraw approximately two and one-half (2½) months before trial. A public defender was appointed thirteen (13) days before trial. This attorney requested a continuance four (4) days before trial. The motion was denied and appellant urges that he suffered prejudice as a result.

We do not agree that the trial court abused its discretion in denying the motion or that appellant was prejudiced as a result. The only alleged deficiency in counsel's performance at trial is that she did not point out the problem with staleness in the prior convictions appellant admitted at trial. Since, however, we found that there was no error in introducing evidence of the prior convictions, this assignment must also fail. *Goodwin v. State*, 730 P.2d 1202 (Okl.Cr.1986).

On the basis of the foregoing, we AFFIRM appellant's Judgment and Sentence.

LUMPKIN, Vice Presiding Judge, specially concurring:

I join with the Court's decision in this case and agree that the trial judge addressed the issue of impeachment of Appellant's testimony by prior felony convictions in an exemplary manner. Judge Parr formulated his resolution of this evidentiary issue without the benefit of our decision in *Hardiman v. State*, 798 P.2d 222 (Okl.Cr. 1990). However, the solution appropriately balanced the need of the State to be able to present evidence which allowed the jury to determine the credibility of the Appellant without injecting prejudicial information into the trial.