v.

**STATE of Oklahoma, Appellee.**

**No. J–2003–594.**

Court of Criminal Appeals of Oklahoma.

Nov. 26, 2003.

### ACCELERATED DOCKET ORDER

¶ 1 Appellant appeals from an order of the Bryan County District Court, Case No. JDL–2002–56, adjudicating him to be a delinquent child. Appellant alleges the trial court erred in failing to establish the hearsay testimony of the two child witnesses was reliable because the trial court never questioned the witnesses to determine whether they knew right from wrong, or whether they knew the difference between the truth and a lie.

¶ 2 Pursuant to Rule 11.2(A)(1), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2001), this appeal was automatically assigned to the Accelerated Docket of this Court. The proposition of error was presented in oral argument on September 25, 2003, pursuant to Rule 11.2(F). At the conclusion of oral argument, this Court took the matter under advisement.

¶ 3 Statements of a child under the age of thirteen relating to physical or sexual abuse against the child are admissible only if it is determined those statements appeared reliable under the circumstances under which they were made, and that the time, content and totality of circumstances surrounding the taking of the statements provide sufficient indicia of reliability so as to render it inherently trustworthy. *Matter of A.S.,* 1989 OK CIV APP 91, 790 P.2d 539, 541; *McIntosh v. State,* 1991 OK CR 49, 810 P.2d 373, 375; and 12 O.S.2001, § 2803.1(A)(1).

¶ 4 In the case at bar, the child witnesses, although present, were not called to testify either by the State or the defense. In addition, the trial court did not question or meet with the children in a separate hearing.

However, the statute only requires that a finding be made by the court that the statements appeared reliable *under the circumstances under which they were made,* and that the time, content and totality of *circumstances surrounding the taking of the statement* provide sufficient indicia of reliability so as to render them inherently trustworthy.

¶5 At the conclusion of the hearing, the trial court made the finding that the statements of both children, as testified to by a child welfare specialist for the Department of Human Services, were reliable based on the evidence presented. Based on the record evidence of this case, we find no error. However, our finding is limited to the particular facts of this case. In future cases, trial courts are **required** to state for the record the particular facts and circumstances supporting their findings that such hearsay statements of children are reliable. In some cases, the determination of reliability may require that the child witness testify, or that a separate hearing with the court be conducted.

¶6 **IT IS THEREFORE THE ORDER OF THIS COURT** that the order of the District Court of Bryan County is **AFFIRMED.**

¶7 **IT IS SO ORDERED.**

¶8 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 26th day of November, 2003.

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge
/s/ Steve Lile, Concurs in Results
STEVE LILE, Vice Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge
/s/ Charles S. Chapel, Dissents
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge