**Larry Don FITE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–332.**

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1974.

Gotcher, Gotcher & Gotcher, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Kenneth L. Delashaw, Jr., Asst. Atty. Gen., Patrick Kernan, Legal Intern, for appellant.

## OPINION

BUSSEY, Judge:

Defendant, Larry Don Fite, was charged with the offense of Unlawful Delivery and Distribution of Marihuana in the District Court, Bryan County (CRF–72–130). He was found guilty by jury verdict and in accordance with that verdict was sentenced to imprisonment in the State penitentiary for a term of ten (10) years. On appeal defendant asserts only one proposition of error. The question presented arose on cross-examination of the defendant. The trial judge ruled that the defendant's arrest and pending charges were within the scope of testimony given by the defendant on direct examination and, over the defendant's objections, allowed the prosecutor to question defendant on this topic during cross-examination. Through this line of questioning the jury learned that subsequent to his arrest for the offense on trial, the defendant had been arrested on two occasions for possession of marihuana and that charges on those separate offenses were pending. As the issue is narrowly drawn and the sufficiency of the evidence is not challenged, we do not find it necessary to set forth a recitation of the evidence adduced at trial. It suffices to note that the jury's verdict was supported by ample competent evidence.

Defense counsel argues that the door was not opened on direct examination and that the inquiry into arrest and pending charges on cross-examination was reversible error under decisions of this Court as exemplified by the cases of Brown v. State, Okl.Cr., 487 P.2d 963 (1971) and Gable v. State, Okl.Cr., 424 P.2d 433 (1967).

The transcript shows that relevant portions of the defendant's direct testimony proceeded as follows:

"BY MR. GOTCHER:

Q. Have you been in difficulty before, young man?

A. Uh—yes, sir, I have.

Q. All right. Now, calling your attention to convictions—have you been convicted in the State of Texas?

A. Yes, I have—uh—been convicted in Texas—in—Dallas.

Q. All right. Tarrant County.

A. Yes, sir.

Q. Okay. Now then, what was the conviction for?

A. It was for possession of marijuana.

Q. All right. Was that after you got out of service?

A. Yes, it was approximately nine months after I got out of the service.

Q. All right. How long did you spend in Korea?

A. Nineteen months.

Q. All right. Now then, did you plead guilty?

A. Yes. For—for probation.

Q. All right. You plead guilty, and the Judge gave you three years probation?

A. Yes. Three years.

Q. Are you still on that probation?

A. Yes, sir.

Q. All right. Now then, calling your attention to Bryan County. Have you been convicted in Bryan County?

A. Yes, I was convicted—uh—December—I think it was December the 18th.

Q. Of '72?

A. Yes, sir. 1972.

Q. All right. Do you recall what the date of that crime carried? What—what was the date of that violation?

A. It was October the 12th.

Q. Was it the night before this was supposed to have happened?

A. Yes, it was the night before.

Q. Were the witnesses the same?

A. Uh—yes, they were.

Q. Was it the same place?

A. Yes, it was the same place. ·

Q. You tried it to a jury?

A. Yes.

Q. Ten years?

A. They gave me ten years.

Q. All right. Is that matter on appeal, by Mr. Sullivan, your lawyer?

A. Yes, it is.

Q. All right. Now then, have you been convicted of any other crime?

A. Uh—no.

Q. Anywhere? A. No. Except small—traffic violations.

Q. What are they?

A. Oh—a speeding ticket.

Q. Okay. Paid a fine?

A. I paid a fine.

Q. Okay.

A. I had a—a failure to—operate a vehicle, properly.

Q. Okay.

A. And I think that's—that's about it.

Q. Okay. Did you pay a fine on that?

A. Yes, sir.

Q. All right.

A. Uh huh.

Q. That's careless driving?

A. Yes, sir.

Q. All right. Anything else that you know of?

A. No.

Q. Did you ever get in trouble, in the military?

A. No, I never did.

Q. No brig, or whatever?

A. No, sir.

Q. Okay.

A. Or Article Fifteens.

Q. Okay. I don't know what Article Fifteen is. But nothing like that. Is that correct?

A. No, sir.

Q. That is the extent of your criminal difficulty, up until this day, is that correct?

A. Yes, sir, it is." (Tr. 57–60)

We are of the opinion that, contrary to the defendant's allegation, the questions on direct examination did in fact exceed the boundary of prior convictions. It is apparent that the line of questioning was intended to give the jury the impression that the defendant had given a full and complete accounting of his criminal wrongdoing, both actual and alleged.

■ We have carefully considered the authorities relied on by defendant and find that they are not applicable to the case at bar as they involve situations where the prosecution initiated the introduction of evidence concerning the accused's commission of other separate crimes. It is true that an accused on trial for one offense is to be convicted, if at all, by evidence showing his guilt of that offense alone and evidence showing or tending to show his commission of other unrelated offenses is inadmissible. See North v. State, Okl.Cr., 518 P.2d 896 (1974). It is also true that while convictions for criminal offenses may be shown to affect credibility, mere accusations of criminal activity or arrest and charges not amounting to convictions are not available for introduction by the prosecution. See, Brown v. State, supra, and cases cited therein. Where the defendant's direct testimony does not concern other criminal charges or arrests, the subject clearly constitutes a collateral issue which is not available to the prosecution for the purpose of contradicting or impeaching the defendant. Payne v. State, 10 Okl.Cr. 314, 136 P. 201 (1913).

However, when a defendant opens the door on direct examination to his criminal activity extending beyond the recognized boundary of convictions, the State is free to pursue cross-examination within the scope of the inquiry begun on direct examination. Such questioning does not constitute an attack on the defendant's character, it is merely a line of questioning permitted to challenge the credibility of defendant's testimony given during examination in chief. When a defendant takes the witness stand and testifies on his own behalf, the prosecution has the right to cross-examine him with the same latitude as any other witness. Martin v. State, 94 Okl.Cr. 340, 235 P.2d 959 (1951). In the case of Rapp v. State, Okl.Cr., 418 P.2d 357 (1966), we adopted the following statement from 98 C.J.S. Witnesses § 378, pages 134–135:

"As a general rule, any matter is a proper subject of cross-examination which is responsive to testimony given on direct examination, or which is material or relevant thereto, and which tends to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness."

At page 186, 98 C.J.S. Witnesses § 401 is the following statement which is also applicable to this issue:

"In general, accused may be cross-examined as to any matters pertinent or material to the issues in the case, or any matter concerning which he has testified, or to which he has referred, on his direct examination, or any matter as to which he has volunteered a statement, or any matter which may throw light on the testimony given by him on direct examination, and which is germane thereto; and the cross-examination may be as searching and broad as the foundation of direct examination on which it rests."

By opening the matter on direct examination, defendant's arrests and pending charges were removed from the protection of exclusion offered by the decisions of this Court cited above. Having opened the matter for permissible cross-examination, defendant is not in a position to complain now because his credibility on the issue was impugned.

In light of the above and foregoing reasons, it is the opinion of this Court that the judgment and sentence appealed from should be, and same hereby is, affirmed.

BLISS, P. J., concurs.