**Ed Miller MOORE, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–297.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1982.

Lui J. Antonelli, Rhoads & Johnson, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div. Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Ed Miller Moore, Jr., was charged, tried and convicted in the District Court of Comanche County, Case No. CRF–79–521, for the offense of Robbery with a Firearm, was sentenced to ten (10) years' imprisonment, and he appeals.

On October 26, 1979, Ray Nauman was robbed by a person who took his wallet, wristwatch and pocket change. Ten days later Nauman identified the appellant in a lineup conducted by Lawton police.

Initially, the appellant asserts that the evidence the State presented was insufficient to sustain a conviction, claiming that: 1) the victim's identification was not reliable; 2) the State never produced the firearm allegedly used; and 3) the State never proved the victim was in any real fear.

The appellant's argument that the victim's identification of the robber is too unreliable to sustain a conviction is based on the fact that Nauman could not remember what the suspect was wearing during the lineup. Nauman testified the appellant was wearing blue jeans and a shirt, while an officer from the police department testified that everyone in the lineup was wearing red coveralls. Furthermore, the appellant claims the victim's in-court identification of the appellant was strengthened or

reinforced in his mind as the result of seeing the appellant sitting in the role of a defendant at three trials.

However, it should be noted that Nauman got a good look at the robber when he turned around to face him as his watch, wallet and pocket change were being taken away from him. Based upon that observation Nauman identified the appellant in the lineup "instantly," according to an officer present at the extra-judicial lineup, and he never wavered throughout subsequent trials and cross-examinations. Indeed, Nauman testified that the defendant's face was "indelible on my mind. I saw him plainly on that day."

■ Undoubtedly, reliability is the key to the credibility of any identification. In *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the Supreme Court held that certain characteristics surrounding the identification should be considered:

These include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself. 97 S.Ct. 2243 at 2253.

These same standards were basically adopted by this Court in *Cooper v. State,* 599 P.2d 419, 421 (Okl.Cr.1979).

■ As previously noted, the victim got a clear view of the robber's face during the robbery, instantly pointed him out as his assailant during an extra-judicial lineup, and consistently identified the appellant in subsequent trials, despite extensive cross-examinations. The fact that he did not know what the defendant was wearing at the line-up seems immaterial and certainly not substantial enough to warrant any type of reversal. Although the defendant presented an alibi defense, that was a question of fact for the jury to decide. This Court has consistently held that it will not disturb a jury's verdict upon disputed questions of fact where there is any competent evidence in the record tending to support the same. *Tharpe v. State,* 358 P.2d 232, 236 (Okl.Cr.1961). See, *Mills v. State,* 73 Okl.Cr. 98, 118 P.2d 259 (1941).

■ The appellant's second and third arguments concerning the sufficiency of the evidence (that the State failed to produce the gun actually used or show the defendant was in fear), are wholly without merit, and are accordingly dismissed. The victim's testimony revealed the robber used a gun in the commission of the crime, first pointing it at the victim's back. This Court has long held that fear on behalf of the person robbed is presumed when a gun is pointed at him. *Whitehead v. State,* 526 P.2d 959 (Okl.Cr.1974). Thus, the question of whether a gun existed, and the State's failure to produce one, is immaterial. In addition, we find that such a requirement would impose too heavy a burden upon the State.

■ In his second assignment of error, the appellant asserts that he was improperly cross-examined by the State when he was asked about a prior conviction, even though he was not charged with a crime after former conviction of a felony. It is well settled that a prosecuting attorney may cross-examine a defendant as to former conviction(s) for the purpose of affecting his credibility as a witness. *McKee v. State,* 576 P.2d 302 (Okl.Cr.1978); *Mathews v. State,* 549 P.2d 358 (1976). When the defendant takes the stand to testify in his own behalf, he does so subject to inquiry concerning his former conviction(s). *Robinson v. State,* 507 P.2d 1296 (Okl.Cr.1973). See, *McDonald v. State,* 489 P.2d 776 (Okl. Cr.1971), *Gable v. State,* 424 P.2d 433 (Okl. Cr.1967). Furthermore, 12 O.S.1981, § 2609, states that such questioning is permissible if the crime: 1) involved dishonesty or false statements, regardless of punishment; or 2) was punishable by death or imprisonment in excess of one (1) year, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the detriment of the

defendant. The defendant in the present case was questioned about a former conviction for attempted second degree burglary, punishable by not less than two years imprisonment. The State asked the defendant only about the charge, outcome of his trial and sentence. Accordingly, we find such examination both proper and permissible under the circumstances.

Finally, the appellant asserts that he received inadequate and ineffective assistance of counsel. Specifically, he claims his attorney should not have allowed him to take the stand, especially since his testimony only corroborated that of his grandmother's, which established the alibi that the defendant was sick at her home when the robbery occurred. The fact that the defendant took the stand shows an effort to lend more credibility to an alibi. Regardless of the reason, however, this Court will not, "with perfect hindsight, attempt to second-guess trial strategy which was viable." *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In addition, such a practice hardly falls below standards a reasonably competent attorney might follow. See, *Johnson v. State,* 620 P.2d 1311 (Okl.Cr.1980).

Moreover, the defendant did not properly preserve these allegations of error for appeal in his petition in error or motion for new trial.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.