**Harold Richard HENEGAR, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F-83-421.**

Court of Criminal Appeals of Oklahoma.

May 14, 1985.

Rehearing Denied June 19, 1985.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Harold Richard Henegar was convicted of Forgery in the Second Degree, After Former Conviction of Two or More Felonies and sentenced to twenty-five years' imprisonment.

Appellant alleges error occurred when the trial court denied his motion for continuance lodged at trial after voir dire of the jury had begun. The purpose for the continuance was to give appellant time to hire private counsel as he had to date been represented by a public defender. The trial judge denied the motion:

> THE COURT: All right. Well he's not at this time prepared and hasn't been prepared to employ private counsel to represent him. This case is on the docket and has been assigned to me for trial this date. The motion for continuance on the grounds set forth is hereby overruled.

Appellant claims that he was denied his Sixth Amendment right to counsel due to the court's action. He claims that he had learned only two days prior to trial that his home which had been in foreclosure proceedings for several months, had sold and he would receive several thousand dollars with which he wanted to hire private counsel.

A motion for continuance of trial is addressed to the sound discretion of the trial court, and its decision will not be disturbed absent clear abuse. See, *e.g.*, *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). When grounded on a desire to change counsel, a defendant must show valid reasons for discharge of his attorney. Otherwise, the demand for different counsel will be viewed as "an impermissible delaying tactic." *Boone v. State*, 642 P.2d 270, 272 (Okl.Cr.1982); *Swain v. State*, 621 P.2d 1181 (Okl.Cr.1980). Valid reasons include demonstrable prejudice against defendant by counsel, incompetence of counsel, and conflict of interest. *Johnson v. State*, 556 P.2d 1285 (Okl.Cr.1976).

Appellant could not advise the court on the first day of trial when he would receive any money for his equity in the house; so he asked the court to indefinitely postpone his trial without first demonstrating valid reasons to discharge his court-appointed attorney. The right of a defendant to employ counsel of his choice must be "balanced with due consideration for the interest of the courts in orderly and efficient administration of justice." *Williamson v. State*, 532 P.2d 444, 448 (Okl. Cr.1975) (footnote omitted). On point is our holding in *Tillman v. State*, 490 P.2d 1369, 1371 (Okl.Cr.1971), wherein we said:

> Although every accused has the right to counsel, he is not entitled to a further continuance in his trial to secure private counsel of his choice where he has been represented since inception of the charge by retained counsel or court-appointed counsel and appears for trial with court-appointed counsel adequately prepared to defend accused. (Quoting *Thompson v. State*, 462 P.2d 299 (Okl.Cr.1969) (Syllabi 2 at 300)).

This assignment is overruled.

Next, appellant urges that the trial court erred in not sustaining his motion

in limine seeking suppression of evidence of his prior convictions should he take the stand. Title 12 O.S.1981, § 2609 provides that such questioning is permissible when the crime: 1) involved dishonesty or false statements, regardless of punishment; or 2) was punishable by death or imprisonment in excess of one (1) year, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the detriment of the defendant. We have construed this statute to allow cross-examination regarding prior felony convictions of a defendant for purposes of affecting his or her credibility as a witness. *Moore v. State,* 650 P.2d 901 (Okl.Cr.1982). The conviction need only involve dishonesty when it is a misdemeanor. Compare Section 2609(A)(1) and (2). The trial judge has wide latitude in determining the probative value of the prior conviction(s). *Campbell v. State,* 636 P.2d 352 (Okl.Cr.1981). We find no abuse by the trial court, especially in light of the fact that evidence of each of the seven convictions (one burglary in the second degree, one unlawful possession of amphetamine, one carrying a firearm, AFCF, one arson in the second degree, and three concealing stolen property, AFCF) were admitted on the stipulation of both parties.

Appellant asserts that the trial court lost jurisdiction to impose judgment by reason of delay. He was convicted on December 17, 1981 and formal pronouncement of judgment and sentence was scheduled for December 28, 1981. On January 8, 1982, sentencing was rescheduled for February 5, 1982. On none of these occasions was judgment and sentence imposed, and the Court Clerk's docket sheet on this case does not indicate a reason. Judgment and sentence was finally pronounced on January 17, 1983. Appellant contends "nothing more appears on the record" between February 5, 1982 and January 17, 1983. An entry was made on the docket sheet on October 5, 1982, which reads "Filed Order Denying Petition." This was an order of this Court denying appellant's petition for writ of mandamus. In his petition, appellant included as an exhibit to this Court a letter from District Judge William R. Saied dated August 30, 1982, specifically addressing the reasons for the delay in sentencing. It provides:

> In case number CRF-81-3908 you were tried and convicted in December of 1981. Before Judge Homer Smith could sentence you, you were taken by federal authorities to federal prison and taken out of the state. Mr. Don Deason, the Assistant District Attorney who tried the case, has been trying to get you brought back for sentencing and it is my understanding that Mr. Deason will have you returned as soon as possible so that Judge Smith can sentence you.

The issue appellant raises has been addressed by this Court on a number of occasions, and an exhaustive review of authorities was made in *Boykin v. State,* 86 Okl.Cr. 175, 190 P.2d 471 (1948). Referring to *Boykin,* we held in the case of *Jackson v. Page,* 411 P.2d 555, 556 (Okl.Cr.1966):

> Whether a postponement (of pronouncing sentence) is rightful depends not upon its length or definiteness, nor upon whether it extends beyond the term, but upon its purpose and character.

We find that the district court acted as expeditiously as possible in sentencing appellant, and that it never lost jurisdiction to do so.

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.