Juel G. SWEATTE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–287.

Court of Criminal Appeals of Oklahoma.

Jan. 21, 1987.

Steven Dobbs, Pearce & Dobbs, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The defendant Juel G. Sweatte, was convicted in Cleveland County District Court of Obtaining Money by False Pretense in violation of 21 O.S.1981, § 1541.2, Case No. CRF–83–46(M), and was fined five thousand dollars ($5,000), and he appeals.

On two separate occasions, the defendant submitted loan requests to the First National Bank and Trust Company of Norman. Relying on defendant's personal financial statement, the bank approved both loans totalling three hundred fifty thousand dollars ($350,000).

After becoming aware of some problems with the defendant's financial statement, the bank demanded immediate payment. The defendant was unable to pay the full amount and collection proceedings were initiated. At a hearing on defendant's assets, it was learned that at the time of the loan requests, defendant owned none of the assets listed on his financial statement. The bank then filed criminal charges.

In defendant's first assignment of error, he contends that the trial court should not have allowed evidence of alleged other crimes to be introduced. It is the general rule that when one is put on trial, one is to be convicted, if at all, by evidence which shows one guilty of the offense charged, and proof that one is guilty of other offenses not connected with that for which one is on trial, must be excluded. *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). There are, however, exceptions to this rule. Evidence of other crimes may be admitted where it tends to establish motive, intent, absence of mistake or accident, identity, or common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980).

It is the opinion of this Court that evidence which shows that the defendant acquired loans from other banks after submitting false financial statements falls within these exceptions. Clearly, such evidence outlines a common scheme or plan on the part of the defendant and shows his intent and knowledge. This assignment is without merit.

Defendant's second assignment of error is that the trial court erred in failing to give the required curative instructions at the time it allowed evidence of alleged other crimes to be introduced. The guidelines set forth in *Burks*, supra, require the trial court to instruct the jury as to the limited purpose of evidence of other crimes at the time such evidence is received. The defendant, however, failed to object to the trial court's failure to admonish the jury, and thus, has waived his right to raise this issue on appeal. *Wallace v. State*, 562 P.2d 1175 (Okl.Cr.1977). This assignment of error must fail.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., concurs in results.