David Ray ROBINSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–846.

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1987.

As Corrected Sept. 22 and Oct. 6, 1987.

T. Hurley Jordan, Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Sandra D. Howard, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, David Ray Robinson, was tried by jury in Oklahoma County District Court, Case No. CRF–84–1520, and convicted of Robbery with a Dangerous Weapon (21 O.S.1981, § 801) and Kidnapping (21 O.S.1981, § 741), After Former Conviction of Two or More Felonies, before the Honorable Karl R. Gray, District Judge. The jury set punishment at one hundred (100) years imprisonment on each count. Judgment and sentence was imposed in accordance with the jury's verdict with the sentences to run consecutively. We affirm.

■ For his first assignment of error, appellant claims that the trial court erred in failing to sustain his motion in limine, allowing previous felony convictions into evidence. Appellant claims that the evidence should have been excluded because the convictions did not involve "dishonesty or false statement" and the prejudicial effect outweighed the probative value, contrary to 12 O.S.1981, § 2609(A)(2). Without deciding whether the trial court erred in failing to sustain the motion in limine and allowing into evidence four prior felony convictions of appellant, we believe any

possible errors were corrected when the judge sustained an objection at trial refusing to allow further details of the convictions into evidence.

Section 2609(A)(2) of the Oklahoma Evidence Code allows prior criminal convictions to be admitted against a witness during cross examination for impeachment purposes. There are specific restrictions, however. The crime must either (1) involve dishonesty or a false statement (Section 2609(A)(1)), or (2) be punishable by death or imprisonment in excess of one year, and the probative value of admitting the conviction must outweigh its prejudicial effect to the detriment of the defendant (Section 2609(A)(2)). Accordingly, unless the prior conviction involves dishonesty or a false statement, the trial court is responsible for determining whether the probative value outweighs the prejudicial effect. To best understand what the trial court should consider when balancing probative value against prejudicial effect, a brief look at the history of the rule is warranted. We turn to the Federal rules, upon which Oklahoma's rules are based, under the assumption that in adopting the Federal rules in an effort to promote uniformity, our legislature also adopted the philosophy and interpretations of those rules as litigated in the federal courts. *See Laske v. State,* 694 P.2d 536, 538 (Okl.Cr.1985).

A review of the history of Federal Rule 609 clearly shows Congress' concern over the prejudicial effect of allowing prior convictions to be admitted against a defendant on trial for a present criminal offense. The version submitted to Congress by the Supreme Court contained no language requiring that probative value be balanced against prejudice. However, a Congressional subcommittee added "... unless the court determines that the danger of unfair prejudice outweighs the probative value of the evidence of the conviction...." This varies only slightly from the final version currently in Federal Rule 609(a)(1). *See Fed.R.Evid.* 609 advisory committee note.

These concerns prompted adoption of a balancing test. In applying the balancing test, however, it is important to note that the balancing test under Section 2609(A)(2) governing admissibility of past convictions is different from the test governing relevancy in general under Section 2403. Under Section 2403, "the trial judge should resolve all doubts in favor of *admitting* the evidence." 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 209 (1985) (emphasis in original). Under Section 2609(A)(2), however, "the trial judge should resolve all doubts on the admissibility of a [prior] conviction ... in favor of *excluding* the evidence." *Id.* (emphasis in original).

This Court in *Henegar v. State,* 700 P.2d 659, 661 (Okl.Cr.1985), stated that "the trial judge has a wide latitude in determining the probative value of ... prior convictions." However, as Professor Whinery has aptly stated: "This is incorrect. The balancing test, applicable only in determining the admissibility of prior convictions under Section 2609(A)(2) is whether 'the probative value of admitting this evidence outweighs its prejudicial effect to the detriment of the defendant.'" *See* Whinery, *supra,* at 37–38 (Supp.1987). The facts of this case demonstrate why parameters should be established to aid the trial judge in determining whether the probative value of the conviction outweighs the prejudicial effect.

 We do not, of course, mean to imply that any evidence that prejudices a defendant should be excluded. By its very nature any relevant evidence the State presents would be prejudicial against a defendant. So long as the questions are within the boundaries of Section 2609 and are "asked in good faith and in an appropriate manner, they are not prejudicial." *Johnson v. State,* 662 P.2d 687, 690 (Okl.Cr.1983). We do, however, offer the following guidelines to trial courts in conducting the balancing test required under Section 2609(A)(2):

(1) The impeachment value of the prior crime.

(2) The point in time of the conviction and the witness' subsequent history.

(3) The similarity between the past crime and the charged crime.

(4) The importance of the defendant's testimony.

(5) The centrality of the credibility issue. *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir.1976), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976).

The facts of this case demonstrate why such guidelines can prevent confusion. The appellant's motion in limine to allow evidence of the prior felony convictions was overruled before trial. The State presented two witnesses. The victim testified that late on March 24, 1984, he had pulled his vehicle off the interstate in south Oklahoma City to check an engine malfunction when he was approached by appellant and another man who demanded a ride. He said he complied out of fear. As he was driving, appellant's accomplice grabbed the steering wheel and pulled the vehicle to the side of the road while appellant put a knife to the victim's throat. Appellant's accomplice then drove the car. Appellant then ordered the victim to surrender his valuables. After a time, appellant's accomplice accidentally slid into a muddy ditch. When Officer John Antonelli arrived to offer assistance, the victim ran to him stating that he needed help, and briefly related his story. The officer then placed appellant and the other man under arrest.

■ The defendant presented the only evidence in his behalf, testifying that as the two men were walking by, the victim pulled into the parking lot of a nearby adult bookstore and offered them a ride, which they accepted. The victim told them he was going to a "gay party." The victim made sexual advances to appellant, who pointed a knife at the victim and told him that he was not a homosexual. Appellant said that the victim offered his valuables in exchange for his safety, but that appellant did not want them. The car ended up in the ditch during the confusion.

Since the officer was not present at the time, the case essentially boiled down to appellant's word against his supposed victim. On cross examination, appellant was asked if he had been convicted of other felonies, to which appellant responded affirmatively. Before he could state what they were—second degree burglary, larceny of an automobile, robbery with a dangerous weapon and escape from a penitentiary—his attorney objected and a bench conference was held. Following that, the court sustained the objection to allowing the evidence, and the State was not allowed to further pursue the line of questioning.

In applying the *Mahone* guidelines, one must keep in mind that the purpose of offering impeachment evidence against a defendant should not be to show that he or she is a "bad" person deserving of punishment, but rather to show background facts which bear on whether a jury ought to believe him as opposed to adverse witnesses. *See Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir.1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). As stated by the court in *Gordon:* "In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence on the other hand ... generally have little or no direct bearing on honesty and veracity." *Id.* (footnotes omitted). A special problem exists, however, when the previous conviction is the same or substantially the same as the one for which the defendant is on trial. In these situations, there exists a pressure on the jurors to think that "if the defendant did it once, he could do it again." This would be particularly true in cases such as this, where the evidence consists almost exclusively of conflicting testimony. Insofar as the jurors in the instant case were never told the nature of the crimes for which appellant had been convicted, however, they could not tend to convict him due to the nature of those crimes. This assignment of error is therefore without merit.

■ Appellant next asserts that the trial court committed fundamental error by allowing the police officer to comment on appellant's silence during rebuttal testimony. The officer did not remember appellant's mentioning at the time of his arrest that the victim had sexually propositioned him. Appellant claims that this constitutes an improper comment on his right to remain silent. It is true that a defendant's

failure to tell police an exculpatory story after being arrested and receiving *Miranda* warnings may not be used to impeach the story when a defendant tells it at trial. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). However, *Doyle* is limited in its scope by *Anderson v. Charles*, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980), where the Court held that questions inquiring into prior inconsistent statements does not make unfair use of silence because a defendant who volunteers information after receiving *Miranda* warnings has not been induced to remain silent. *Id.* at 408, 100 S.Ct. at 2182. *See also Gregg v. State*, 662 P.2d 1385, 1387 (Okl.Cr.1983). Here, the appellant volunteered the information before receiving *Miranda* warnings and thus had not been induced to remain silent. The victim approached the police officer and told him he had been robbed. Appellant testified that at that point, he "got mad and ... told the police [he] was propositioned by this queer and was not robbing him." There is no evidence to show that police in any way solicited a response from appellant. *See Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980). This assignment of error is therefore without merit.

 Appellant next asserts that he was denied a fair trial when he suffered an evidentiary harpoon by the police officer. However, no objection was made following the statement by the officer. Failure to make a timely specific objection at trial to the alleged evidentiary harpoon waives consideration on appeal. *Geimausaddle v. State*, 718 P.2d 711, 712 (Okl.Cr.1986). *See also* 12 O.S.1981, § 2104(A). Additionally, we do not believe that the challenged comment met the requirements of a harpoon. *See Bruner v. State*, 612 P.2d 1375, 1378 (Okl.Cr.1980). This proposition is without merit.

 We must reject appellant's claims that the cumulative effect of errors warrants reversal, since where the assignments of error were without merit, they cannot collectively be considered to have merit. *Lopez v. State*, 718 P.2d 369, 373

(Okl.Cr.1986). Neither do we feel that appellant's sentences are excessive, as they are within the statutory limits and, in light of appellant's four prior felony convictions, such sentences do not shock the conscience of this Court. *Geary v. State*, 709 P.2d 690, 695 (Okl.Cr.1985). Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.