**Dennis Eugene MASON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–85–34.

Court of Criminal Appeals of Oklahoma.

May 27, 1988.

John D. Montgomery, Montgomery & Montgomery, Hobart, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Presiding Judge:

The appellant, Dennis Eugene Mason, was tried by jury in Kiowa County District Court, Case No. CRF–83–3, and found guilty of Embezzlement, After Former Conviction of a Felony, in violation of 21 O.S.1981, § 1451 and 21 O.S.1981, § 51(A)(2), now amended as 21 O.S.Supp. 1987, § 51(A)(2). The jury sentenced appellant to eight (8) years' imprisonment. He now appeals both judgment and sentence.

On November 3, 1983, appellant contracted with Dafne Sloan to install outdoor siding on her home and to do various other

construction work for her. Appellant estimated the cost of service and materials at $5,400.00, and Ms. Sloan gave him a check for $1,800.00 as a one-third down payment. Appellant testified that he used this money to purchase concrete ($453.36) and lumber ($1,290.00), but produced a receipt for the concrete only.

For the next week or so, appellant and others worked on Ms. Sloan's house. On November 18, appellant and Ms. Sloan again discussed the siding which had yet to be installed. In Ms. Sloan's presence, appellant made some phone calls to various siding supply stores but failed to establish credit with any of them. Appellant told Ms. Sloan that he needed $1,600.00 to purchase siding materials and she wrote him another check in that amount. He cashed it that evening and left town for a few days with $600.00 in his pocket. Appellant testified that he left Ms. Sloan's $1,600.00 plus an additional $1,100.00 from another construction job with Everett Medlin, who was to complete the Sloan project in appellant's absence. Mr. Medlin testified that he was not appellant's partner in the Sloan project, and that he had never received $2,700.00 from him.

While appellant's crew members did finish some shingling on the Sloan site after she wrote the $1,600.00 check, no siding materials were delivered and no work was done for her after that time. Based upon some information appellant gave to Ms. Sloan, she estimated that approximately $2,000.00 of the $3,400.00 which she had paid to him represented actual costs incurred for labor and materials. Despite appellant's assurances that he would complete the job once he obtained additional funds, Ms. Sloan filed a complaint against him which culminated in this criminal suit.

■ Appellant asserts in his first proposition that the trial court prejudiced his rights by allowing a State rebuttal witness, who remained in the courtroom after the rule of sequestration had been invoked, to testify. While appellant acknowledges Oklahoma's "rebuttal witness" exception to the rule, he argues that our adoption of the Evidence Code in 1978 rendered this exception invalid. We disagree: "The rule of sequestration of witnesses has been held in numerous criminal cases (*including cases decided after adoption of the Evidence Code*) as inapplicable to rebuttal witnesses." *Matter of Estate of Lambe*, 710 P.2d 772, 776 (Okl.Ct.App.1985) *citing with approval Fiorot v. State*, 641 P.2d 551 (Okl. Cr.1982), *cert. denied*, 456 U.S. 1011, 102 S.Ct. 2306, 73 L.Ed.2d 1308 (1982) and 469 U.S. 847, 105 S.Ct. 159, 88 L.Ed.2d 96 (1984) (emphasis added). *See also Villanueva v. State*, 695 P.2d 858, 860 (Okl.Cr. 1985). Appellant's first proposition is without merit.

In his second assignment of error, appellant claims that evidence of two of his three former felony convictions, elicited during his cross-examination, was more prejudicial than probative and should therefore have been excluded under 12 O.S.1981, § 2609(A)(2). Under this section of the Oklahoma Evidence Code, prior criminal convictions may, subject to specific restrictions, be admitted against a witness during cross-examination for impeachment purposes:

> The crime must either (1) involve dishonesty or false statement (Section 2609(A)(1)), or (2) be punishable by death or imprisonment in excess of one year, and the probative value of admitting the conviction must outweigh its prejudicial effect to the defendant (Section 2609(A)(2)).

*Robinson v. State*, 743 P.2d 1088, 1090 (Okl.Cr.1987). The issue in *Robinson* involved the trial judge's duty to determine, as a condition of admissibility under 2609(A)(2), whether the probative value of a prior conviction outweighed its prejudicial effect. While previous cases held that trial judges have "wide latitude in determining the probative value of ... prior convictions" (*Henegar v. State*, 700 P.2d 659, 661 (Okl.Cr.1985)), this Court in *Robinson, supra*, overruled that approach in favor of a stricter standard. *See also Croney v. State*, 748 P.2d 34, 36 n. 1 (Okl.Cr.1987). Now, in weighing under 2609(A)(2) the probative value of the evidence against its prejudicial effect, "the trial judge should

resolve all doubts on the admissibility of a [prior] conviction ... in favor of *excluding* the evidence." *Robinson, supra,* at 1090 quoting 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 209 (1985) (emphasis in original). And, there are guidelines to aid the trial judge in performing this balancing test. *See Robinson, supra,* at 1090-91.

In the instant case, appellant complains that evidence of his prior convictions for manslaughter and for larceny of an automobile should have been excluded under 2609(A)(2) as more prejudicial than probative. Because the offense of larceny of an automobile is an act of stealing "universally regarded as conduct which reflects adversely on a man's honesty and integrity," we find that it was properly admitted under 2609(A)(1) as a crime involving dishonesty or a false statement. *Robinson, supra,* at 1091 *quoting Gordon v. United States,* 383 F.2d 936, 940 (D.C.Cir.1967), *cert. denied,* 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). However, such is not the case with appellant's prior conviction for manslaughter. It is not a crime involving dishonesty or false statement; therefore, its admissibility is determined according to the balancing test in 2609(A)(2).

 Over defense counsel's objection, the trial judge in the case at bar allowed the prosecuting attorney to ask appellant about each of his three prior convictions, claiming that, "The State has a right to inquire as to the nature of the conviction[s]." (TR. 70). While the trial judge's decision to admit the evidence was within the "wide latitude of discretion" granted him at that time by *Henegar, supra,* and its progeny, we reiterate this Court's departure from such an open ended standard toward a balancing approach in which doubts as to admissibility are to be resolved in favor of excluding the evidence. Whether or not the trial judge's balancing approach conformed to the current *Robinson, supra,* standard, we find that this evidence did not prejudice appellant. It is well settled that "unless there is a reasonable possibility that improperly admitted evidence contributed to the conviction, reversal is not required." *Silver v. State,* 737 P.2d 1221, 1224 (Okl.Cr.1987). *See also* 12 O.S.1981, § 2104(A). The most damaging of appellant's prior convictions— fraud by check—was properly admitted, as was his conviction for larceny of an automobile. In view of this valid impeachment evidence, admission of the prior manslaughter conviction was at most harmless error. Appellant's second assignment of error is therefore without merit.

 In appellant's third assignment of error, he argues that his sentence was excessive and was the product of cumulative and prejudical error. We have reviewed the record and have discovered no errors which would entitle appellant to a modification of his sentence. Furthermore, appellant's eight (8) year sentence was two (2) years less than the ten (10) year maximum provided for in 21 O.S.1981, § 51(A)(2). Under these facts and circumstances, appellant's sentence is not so excessive as to shock the conscience of this Court. *Freeman v. State,* 721 P.2d 1331, 1332 (Okl.Cr. 1986). Accordingly, appellant's third assignment of error has no merit.

Finding no error, judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.