Larry Louis **GILBERT**, Appellant,

v.

**STATE of Oklahoma**, Appellee.

No. F–85–158.

Court of Criminal Appeals of Oklahoma.

Dec. 8, 1988.

T. Hurley Jordan, Public Defender Oklahoma County, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Larry Louis Gilbert, was tried by jury in Oklahoma County District Court, Case No. CRF–84–977, and found guilty of Attempted Grand Larceny in violation of 21 O.S.1981, §§ 42, 1704 on Count I and Shooting With Intent to Kill in violation of 21 O.S.1981, § 652 on Count II. The trial court sentenced appellant·to six (6) years' imprisonment on Count I and fifty (50) years' imprisonment on Count II in accordance with the jury's verdict. From this judgment and sentence, appellant has perfected his appeal to this Court.

On the evening of February 23, 1984, a silent alarm in the C.R. Anthony's store at 4215 South Western was tripped. Store manager Richard Wortham was notified by the Protection Alarm Company and went to investigate. After checking the doors to the store, he contacted Officer Ralph Courteney and requested his assistance. While walking through the store the two men encountered appellant, who shot Officer Courteney and then fled through a back exit. Appellant was later arrested in Tallahassee, Florida, and was extradited to Oklahoma.

In his first assignment of error, appellant alleges that the trial court erred in not sustaining defense's motion for a judgment of acquittal notwithstanding the verdict. Title 22 O.S.1981, § 850, mandates that

[i]f, at any time after the evidence on either side is closed, the court deem it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury are not bound by the advice, nor can the court, for any cause, prevent the jury from giving a verdict.

Because this is, intrinsically, a sufficiency of the evidence question, we must look to the standard established by this Court in *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985) to determine whether the trial judge abused his discretion in overruling defense's motion for judgment notwithstanding the verdict. The *Spuehler* test requires this Court to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any ra-

tional trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Id.* at 203.

We are of the opinion that the State succeeded in presenting sufficient evidence so that the question of appellant's guilt or innocence was properly placed before the jury. We cannot say that the trial judge erred in overruling defense's motion for a judgment of acquittal notwithstanding the verdict. Therefore, appellant's first assignment of error fails.

In his second assignment of error, appellant argues that the trial court erred in failing to sustain his motion in limine and in admitting into evidence his previous felony convictions. We disagree. The evidence of appellant's former convictions was submitted solely for the purpose of impeaching his credibility. In searching the record, we cannot find any instance of prejudice suffered by appellant.

In *Robinson v. State,* 743 P.2d 1088 (Okl. Cr.1987), this Court established the test to determine whether or not evidence of prior convictions should be admitted: a trial judge must weigh any prejudice the defendant might suffer against the probative value of admitting it. Any doubts regarding the admissibility of such evidence must be resolved in favor of excluding it. *Id.* at 1090. To further aid the trial judge in determining the admissibility of the evidence, this Court set out five guidelines: 1) the impeachment value of the prior crime; 2) the point in time of the conviction and the witness's subsequent history; 3) the similarity between the past crime and the charged crime; 4) the importance of the defendant's testimony; and 5) the centrality of the credibility issue. Furthermore, Title 12 O.S.1981, § 2609 provides that proof of former convictions may be admitted into evidence when the crime involves dishonesty or is a felony. If the crime is a felony, the statute further requires that the evidence have a probative value outweighing any prejudice appellant might suffer. While the trial judge in the instant case did not have the benefit of these guidelines when deciding this issue, we

nonetheless are of the opinion that he properly admitted appellant's prior conviction.

The prosecutor's cross-examination of appellant consisted of questions which were well within the boundaries of Section 2609, and which were "asked in good faith and in an appropriate manner." *Id.* at 1090, quoting *Johnson v. State,* 662 P.2d 687, 790 (Okl.Cr.1983). And, there was no "special problem" with the admission of the prior conviction for robbery with firearms, since it was not "the same or substantially the same as the [crime] for which the [appellant was] on trial." *Robinson,* 743 P.2d at 1091. Consequently, appellant's second assignment of error does not prevail.

In his third proposition of error, appellant claims that the trial court committed fundamental error in failing to give a cautionary instruction as to the reliability of the two informant witnesses. Specifically, appellant contends that *Smith v. State,* 485 P.2d 771 (Okl.Cr.1971) mandates a reversal of his case because the informant's testimony was uncorroborated. We disagree.

The *Smith* case established the rule that when an informant's testimony stands uncorroborated it is the duty of the trial judge to submit a cautionary instruction to the jury regarding the testimony. Without such an instruction, the verdict cannot endure. *Id.* at 773. In *Johns v. State,* 742 P.2d 1142 (Okl.Cr.1987), this Court further clarified its position on informant testimony. Where an informant's testimony goes uncorroborated, a cautionary instruction is indeed required; but where corroboration exists for the informant's testimony, the failure to give a cautionary instruction is not error.

In the instant case, corroboration for the informant's testimony was presented through Wortham's identification of appellant and more importantly by the fact that appellant's fingerprints were found at the scene. Therefore, we are of the opinion that no cautionary instruction was needed. Further, we note that defendant failed to request a cautionary instruction. Thus, his third assignment of error also fails.

For his fourth assignment of error, appellant urges that the cumulative effect of the errors made by the trial court denied him the right to a fair trial. This Court has held on previous occasions that a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by appellant. *Weeks v. State,* 745 P.2d 1194 (Okl.Cr.1987); *Black v. State,* 664 P.2d 1054 (Okl.Cr.1983).

For the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BUSSEY, J., concurs in result.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I write separately to address appellant's second assignment of error. The majority resolves this issue by applying *Robinson v. State,* 743 P.2d 1088 (Okla.Crim.App.1987). I do not believe *Robinson* applies to the facts of this case.

Appellant admitted having one former felony conviction for possession of cocaine on direct examination. (Tr. at 234) Appellant was less than candid with the jury and, in fact, also has a former felony conviction for robbery with a firearm. Appellant's admission on direct examination gave the jury the impression he had given a full and complete accounting of his past criminal activity. *Fite v. State,* 526 P.2d 956, 958 (Okla.Crim.App.1974). The prosecutor could properly cross-examine appellant and elicit his other convictions to show he was not completely candid with the jury once appellant opened the door on direct examination. *Id.* at 959. *See also Kopecek v. State,* 567 P.2d 102, 105 (Okla.Crim.App. 1977).

Here, the prosecutor's question, which only elicited the type of conviction but none of the details, did not attack appellant's character, but merely challenged the credibility of his testimony given during direct examination. *Fite,* at 959. Having taken the stand, appellant could be cross-examined with the same latitude as any other witness, *id.,* and having opened the door for permissible cross-examination on the number of his former convictions, appellant cannot now complain because his credibility on the issue was impugned. *Id.* Accordingly, I concur.