Richard HARDIMAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–88–848.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1990.

William C. Devinney, Okl. County Public Defender's Office, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice Presiding Judge:

Appellant was convicted of Possession of a Controlled Dangerous Substance After Former Conviction of Two or More Felonies (63 O.S.1981, § 2–402) after a trial by jury in the District Court of Oklahoma County, Case No. CRF–87–1430. After a two stage trial, the jury recommended a punishment of sixty (60) years incarceration. Appellant was sentenced accordingly. He now appeals that conviction alleging, among other things, that he was improperly impeached with former convictions. We agree and reverse the conviction.

Appellant and another man, . Ernest Thompson, were arrested in north-east Oklahoma City after police officers noticed them staggering, as if intoxicated, outside Henry's Cafe. Appellant's eyes were glassy and bloodshot. When the officer's approached the two men, they detected a strong odor of phencyclidine (PCP). Both men were placed under arrest. After Appellant was arrested, one of the officers discovered a small brown bottle in Appellant's front pants pocket. The liquid was later determined to be PCP. At trial, Appellant claimed that the bottle had been planted by the police and that he had never seen it before.

As his first and second assignments of error, Appellant claims that both he and Thompson, who testified at trial, were improperly impeached with prior convictions. He alleges that the convictions used were

outside the ten year limitation found in 12 O.S.1981, § 2609. He also claims that the State failed to provide proper written notice prior to the introduction of the evidence. Finally, he claims that the admission of the convictions was more prejudicial than probative.

■ Section 2609(B) provides, in pertinent part that "evidence of a conviction under this section is not admissible if a period of more than ten (10) years has elapsed since the date of the conviction or the release of the witness from the confinement imposed for that conviction, whichever is later...." We will first address Appellant's contention that a sentence is to be considered remote when more than ten (10) years have passed since his release from physical incarceration by the Department of Corrections, rather than from the actual expiration of the sentence assessed by the trial court. We find it unnecessary to reach the merits of Appellant's claim because he has failed to provide a sufficient record to allow us to consider even the potential remoteness of any of his convictions. *Cardenas v. State*, 695 P.2d 876, 878 (Okl.Cr.1985). We are provided only with the various dates on which Appellant and the witness were originally convicted of multiple crimes. No indication is given of the sentences received for any of the crimes. Accordingly, we are unable to determine whether or not the convictions were admitted in violation of Section 2609 or whether the State was obligated to provide the notice required by the section. Any error in this regard is waived.

■ As a part of this proposition of error, Appellant also claims that the two convictions used against him for impeachment purposes were unduly prejudicial.[1] We agree. Under Section 2609(A), evidence of former convictions not involving "dishonesty or false statement" may be admitted if the court determines that the "probative value of admitting this evidence outweighs its prejudicial effect to the detriment of the defendant." We established a test to aid in

making this determination in *Robinson v. State*, 743 P.2d 1088 (Okl.Cr.1987). We summarized the test in *Gilbert v. State*, 766 P.2d 361, 363 (Okl.Cr.1988):

> To further aid the trial court in determining the admissibility of the evidence, this Court set out five guidelines: 1) the impeachment value of the prior crime; 2) the point in time of the conviction and the witness's subsequent history; 3) the similarity between the past crime and the charged crime; 4) the importance of the defendant's testimony; and 5) the centrality of the credibility issue.

Immediately prior to the beginning of the trial, Appellant presented a Motion in Limine which sought to preclude impeachment under Section 2609. The trial court specifically considered the criteria listed in *Robinson* and determined that only two of Appellant's six convictions were admissible under this section, both of which were related to possession of heroin. The court stated its findings:

> Probative value because this is a same type of case that was done in the ten year period and that credibility is going to be all important in this case.

(Tr. 7).

In *Robinson*, the trial court committed error when it refused to sustain a Motion in Limine filed by the defendant. We held, however, that the error was cured when the trial court refused to allow the prosecutor to inquire further into the nature of the defendant's prior crimes than simply establishing the number (and not the nature) of the prior convictions. In *Robinson*, we warned that a "special problem" could occur were not these limitations followed:

> A special problem exists, however, when the previous conviction is the same or substantially the same as the one for which the defendant is on trial. In these situations, there exists a pressure on the jurors to think that 'if the defendant did it once, he could do it again.' This would be particularly true in cases such as this,

---

1. This proposition of error does not relate in any way to the use of the prior convictions for

enhanced punishment purposes.

where the evidence consists almost exclusively of conflicting testimony.

*Robinson*, 743 P.2d at 1091.

Appellant had been previously convicted of a total of six felonies, yet the only two allowed into evidence were the most prejudicial of all of them.[2] After looking at the *Robinson* test, the trial court held that admission of four of the convictions were more prejudicial than probative. The court, however, specifically allowed the two drug convictions to be introduced solely because of their similarity to the present charges. We find that the trial court misinterpreted the *Robinson* guidelines and allowed evidence to go to the jury which even the court recognized as unduly prejudicial. We will give great deference to a trial court's opinion in these matters, but where, as here, the decision of the trial court is clearly erroneous, we must remedy the situation. *Johnson v. State*, 761 P.2d 484, 491 (Okl.Cr.1988). It has long been the rule that a defendant must be convicted of a crime based upon the evidence relating to that crime and not his commission of prior similar acts. *See Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). The trial court clearly abused this rule. Its decision to allow impeachment with these two crimes solely because of their similarity to the present case is precisely the danger warned of in *Robinson*.

■ By this opinion, we do not mean to establish a *per se* rule that when the convictions sought to be introduced as impeachment are the same or similar crimes as the current charge they will not be admissible. Rather, we continue to adhere to the balancing test established in *Robinson*, holding in this case, that given the conflicting evidence, the probative value of the evidence does not outweigh its prejudicial effect. Each case must be judged on its own facts under the criteria established in *Robinson*. If the determination is made that the convictions are more prejudicial than probative, the nature of the convictions are not admissible. Such a ruling, however, does not limit the State from establishing the number of prior convictions that a defendant has accrued, but merely prevents discussion of the nature of the crime.

We find that the trial court improperly applied the *Robinson* balancing test in this case. The danger that a defendant will be unfairly convicted because of his prior criminal acts, especially when credibility is a primary issue, is too great in such instances to allow the court's decision to stand. Accordingly, we must REVERSE Appellant's conviction and REMAND the case to the district court for a new trial.

PARKS, P.J., and BRETT, J., concur.

LUMPKIN, J., specially concurs.

JOHNSON, J., concurs in result.

LUMPKIN, Judge, specially concurring.

I join with the Court's decision in this case and further clarification of the balancing test we set forth in *Robinson v. State*, 743 P.2d 1088 (Okl.Cr.1988). It is the nature of the offense which has the potential for conflict with the principle that when one is put on trial, one is to be convicted, if at all, by evidence which shows one guilty of the offense charged. *See Sweatte v. State*, 732 P.2d 476 (Okl.Cr. 1979). It is for that reason that we established certain criteria for the admissibility of other crimes' evidence by the State in its case in chief in *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). *See also* 12 O.S.1981, § 2404(B). This principle must also be considered when determining the scope of impeachment under Section 2609(A)(2). As we recognized in *Robinson*, "[i]n these situations, there exists a pressure on the jurors to think that 'if the defendant did it once, he could do it again.'" 743 P.2d at 1091.

The amplification of the balancing test considerations given by the Court in this case ensures if the defendant on trial is convicted, it will be through the evidence which shows him guilty of the offense charged; however, if he testifies, his testi-

---

2. The other convictions were: Receiving a Stolen Credit Card, two (2) charges of Burglary in the Second Degree and Concealing Stolen Property.

mony will be subject to impeachment which will provide the jury with an accurate picture of his criminal past. If the *nature* of the conviction is such that it is more prejudicial than probative then only the fact the conviction occurred is admissible. If the *nature* of the conviction is more probative than prejudicial then the nature is also admissible together with the fact the conviction did occur. Same or similar prior convictions sought to be used for purposes of impeachment will be reviewed with scrutiny. There is a presumption of prejudice as to convictions of this type which must be overcome by the evidence presented and the findings by the trial judge. This protects the defendant and, at the same time, precludes the defendant from presenting an inaccurate picture of his or her character. In addition, this decision does not preclude the defendant from revealing the nature of the prior convictions as a part of trial strategy. It only restricts the State in the admissibility of its impeachment evidence.

JOHNSON, Judge, concurring in result.

While I concur in the result of the majority opinion herein as it relates to the first and second assignments of error, I need to speak to the third proposition of alleged error. The first proposition of error had to do with the fact that convictions used were outside the ten-year limitation found in 12 O.S.1981, § 2609, and further, the second proposition was the failure by the State to provide proper written notice as it relates to the introduction of such evidence; I concur in the court's findings as it relates to both of these propositions.

The third proposition of error relates to the introduction of two prior convictions that were used for impeachment and are claimed to be unduly prejudicial. This assignment of error has merit. It appears to me that there is confusion as to prior holdings of this Court and the opinion of the majority does not help clear that confusion. The majority cite the opinions of *Robinson v. State*, 743 P.2d 1088 (Okl.Cr.1987) and *Gilbert v. State*, 766 P.2d 361 (Okl.Cr.1988) and state that both stand for the proposition that certain convictions are admissible for impeachment purposes provided the balancing test set forth in *Robinson* and *Gilbert* are adhered to. This Court has previously held in those two particular cases that one of the issues to be considered by the trial court is "the similarity between the past crime and the charged crime". In this case, the defendant filed a Motion in Limine to specifically exclude the introduced convictions. I further agree with the Court that the case needs to be reversed because the two convictions, at least in the sight of this Judge, are highly prejudicial and certainly would lead a reasonable minded juror to think if a person has committed a similar act once or twice before, they are more likely to have committed the act as it relates to the charge in question. The confusion has to do with prior holdings of this Court that need to be pointed out.

In the following cases during the *first stage* of the trial cross-examination of the defendant for impeachment was allowed, in *Campbell v. State*, 636 P.2d 352 (Okl.Cr. 1981), this Court approved for impeachment in a first degree murder trial the defendant's prior conviction of assault and battery with a deadly weapon; also in the case of *Shipman v. State*, 639 P.2d 1248 (Okl.Cr.1982), this Court allowed cross-examination for impeachment purposes of a prior conviction of assault and battery with a dangerous weapon in a charge relating to manslaughter in the first degree; see also in this regard the case of *Moore v. State*, 650 P.2d 901 (Okl.Cr.1982), which was a case of robbery with a firearm where the prosecutor was allowed to cross-examine for impeachment purposes matters relating to a prior conviction of attempted second degree burglary. The court also held in the case of *Long v. State*, 654 P.2d 647 (Okl.Cr.1982), that the prosecutor could cross-examine for impeachment purposes a prior conviction for armed robbery in a case where the defendant was charged with robbery with firearms. One of the latest cases to discuss this proposition is *Johnson v. State*, 761 P.2d 484 (Okl.Cr. 1988). It should first be noted that this

case was decided after *Robinson* wherein the defendant was convicted of robbery with firearms. The court does not state the types of convictions that were introduced as impeachment but does indicate that they were of a violent nature which would leave the implication that the cases have similarity to the charge in question.

Our original rule, prior to the Evidence Code, held that when a defendant takes the stand he becomes fair game for any type of cross-examination as it would relate to impeachment. This in general terms was modified with the passage of the Oklahoma Evidence Code which adopted the Federal Rules (Federal Rule 609(a)(1)). It must also be noted that we are talking about impeachment of a defendant in the first stage of a two-stage trial. The first stage is solely to determine guilt or innocence and, if convicted, the jury will receive in the second stage all of the prior conviction history of the defendant. Therefore, our primary consideration must be a fairness test as it relates to the first stage finding of guilt or innocence.

This Court first adopted the balancing test in the *Robinson* case. Judge Parks wrote an excellent in-depth opinion outlining the history of our present statute as it relates to the adopted Federal Rule. Professor Whinery in his treatise on Oklahoma Evidence as it relates to Section 2609 makes the statement that, "Accordingly, the trial judge should resolve all doubts on the admissibility of a conviction under Section 2609(A)(2) in favor of excluding the evidence". My problem with the majority opinion has to do with that portion that talks about this Court has not established a *per se* rule as it relates to the introduction of impeachment evidence. My position is that only the *number* of prior convictions could be introduced as impeachment when the defendant takes the stand in the first stage but not the nature, type or any details of those convictions be introduced. I would agree with Professor Whinery that the court should resolve the question under Section 2609 and *exclude* any evidence that would be highly prejudicial. Therefore, I would affirm the Court's decision herein as it relates to the reversal but I would estab-

lish or clarify our rules as it relates to impeachment.