9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy Ray GASSAWAY, Petitioner-Appellant,
v.
Michael CODY, Warden, Respondent-Appellee.
 No. 93-6112.
 United States Court of Appeals, Tenth Circuit.
 Nov. 10, 1993.
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Billy Ray Gassaway appeals from the district court's denial of his petition for habeas corpus relief, filed pursuant to 28 U.S.C. 2254. On appeal, he argues his state convictions for unlawful delivery of cocaine are unconstitutional because 1) he received ineffective assistance of counsel at trial and on direct appeal, and 2) the trial judge erred in failing to give a jury instruction on entrapment. We affirm.
 
 
 4
 Mr. Gassaway's first claim is premised on his counsel's alleged ineffectiveness in failing to object to the introduction of evidence relating to prior felony convictions. He argues counsel should have made objections pursuant to two Oklahoma cases which require the trial court to balance the probative value of the evidence against its prejudicial impact prior to allowing its introduction. See Hardiman v. State, 798 P.2d 222, 224-25 (Okla.Crim.App.1990); Robinson v. State, 743 P.2d 1088, 1090-91 (Okla.Crim.App.1987).
 
 
 5
 Pursuant to Okla. Stat. tit. 12, 2609, the state may attack the credibility of a criminal defendant with evidence of prior convictions if 1) the witness has been convicted of a crime involving dishonesty or a false statement, or 2) the witness was convicted of a crime punishable by death or imprisonment over one year if the court determines the probative value of the evidence outweighs its prejudicial effect. In Hardiman, the court noted that in considering the introduction of evidence under the second prong noted above, the trial judge must conduct a balancing test. 798 P.2d at 224.
 
 
 6
 As a preliminary matter, we note that the Hardiman opinion was not even published until some two years after the trial in this case. Second, the record reveals the prosecutor here did not seek to introduce evidence of prior crimes under 2609. Rather, he sought introduction of a specific instance of conduct under Okla. Stat. tit. 12, 2608. That section states:
 
 
 7
 A. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, subject to these limitations:
 
 
 8
 ....
 
 
 9
 B. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Section 609 of this Code, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness if they:
 
 
 10
 1. Concern his character for truthfulness or untruthfulness;
 
 
 11
 (footnote omitted). The balancing test identified in Hardiman does not apply to this statute. Moreover, at trial the prosecutor did not mention the prior conviction. He asked Mr. Gassaway whether he sold illegal drugs in San Bernardino in May of 1969. On redirect examination, counsel for the defendant asked him to explain the "conviction" which the prosecutor had referenced, and he did. Rec. Vol. I doc. 7, Ex. 3 at 7-8.
 
 
 12
 "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). This requires a showing not only that counsel's performance fell below an objective standard of reasonableness, but that the result would have been different absent counsel's errors. Id. at 688, 694. Mr. Gassaway has not made that showing here.
 
 
 13
 We turn now to Mr. Gassaway's claim that the trial court erred in failing to instruct the jury on his entrapment defense. " 'Habeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense.' " Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir.) (quoting Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980)), cert. denied, 498 U.S. 961 (1990). The burden of proving fundamental unfairness in this context is a great one. See Lujan v. Tansy, 2 F.3d 1031, 1035 (10th Cir.1993).
 
 
 14
 Mr. Gassaway has not sustained this burden. The state court found there was insufficient evidence to instruct the jury on entrapment. On direct appeal and in post-conviction proceedings, this conclusion was affirmed. These state court findings are entitled to a presumption of correctness. 28 U.S.C. 2254(d). There is nothing in this record suggesting those findings are erroneous. Therefore, we will not disturb the state court's conclusion.
 
 
 15
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3